**Benjamin Rosales GARCIA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–078–CR.**

Court of Appeals of Texas, Fort Worth.

April 10, 1997.

H.F. Rick Hagen, Jackson & Hagen, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Dawn A. Moore, Doug Wilder, Rick Daniel, Asst. District Attorneys, Denton, Matthew Paul, State Prosecuting Atty., Austin, for Appellee.

Before LIVINGSTON, DAUPHINOT and HOLMAN, JJ.

## OPINION

DAUPHINOT, Justice.

Appellant Benjamin Rosales Garcia was convicted by a jury of driving while intoxicated. The judge assessed his punishment at ninety days' confinement in the Denton County Jail and a $1,000.00 fine. Appellant appeals, bringing one point of error. He argues that the trial court erred by denying his motion for mistrial after the State attacked Appellant's counsel during final argument.

The prosecutor, Doug Wilder, argued:

I want to make a couple comments on what defense counsel just argued to you to try to clear up some points.

The first misrepresentation he made to you is when he said Ben was—the defendant was standing like this in the room. He wasn't doing that. You saw it. Yet he still stands up here and makes this misrepresentation to you as blatant, saying he was perfect. That's a lie. It's on the tape, State's Exhibit 2. Ask the bailiff for it.... When you see that he's not standing perfectly like he's stating, you have to question what his motive is. Is it to seek justice or trying to pull the wool over your eyes so you don't see what's going on?

The trial court sustained defense counsel's objection that Mr. Wilder was "attacking [him] over the defendant's shoulders." The trial judge then instructed the jury to disregard Mr. Wilder's comments, but denied Appellant's motion for mistrial.

The State concedes that the argument was improper.

■ Proper jury argument must fall into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) plea for law enforcement.[1]

■ In the instant case, Appellant objected to the improper comment by Mr. Wilder and then asked the judge to instruct the jury to disregard. The judge told the jury to disregard. While in most cases an instruction by the judge is sufficient to cure the improper argument,[2] there are some argu-

---

**1.** See Long v. State, 823 S.W.2d 259, 267 (Tex. Crim.App.1991), cert. denied, 505 U.S. 1224, 112 S.Ct. 3042, 120 L.Ed.2d 910 (1992); Gaddis v. State, 753 S.W.2d 396, 398 (Tex.Crim.App.1988);

Cannon v. State, 668 S.W.2d 401, 404 (Tex.Crim. App.1984).

**2.** See Dinkins v. State, 894 S.W.2d 330, 357 (Tex. Crim.App.), cert. denied, —— U.S. ——, 116 S.Ct.

ments that are so egregious that even a proper instruction cannot cure the harm. In those cases, it is error to fail to grant a mistrial.[3] Unwarranted personal attacks on a lawyer's integrity constitute inappropriate conduct in any court in the state of Texas. Such attacks on opposing counsel in court not only provide a disservice to our citizens, but they are demeaning to our profession and should be condemned. The courts of this state have repeatedly admonished lawyers who engage in personal attacks on opposing counsel. When the admonishments are ignored, the courts, including this court and our sister court in Dallas, have imposed stronger sanctions.[4]

In the case before us, there is absolutely no justification for Mr. Wilder's statements imputing the integrity of defense counsel. The argument was improper and the trial judge was correct in refusing to tolerate such argument. The trial judge instructed the jury to disregard Mr. Wilder's comments.

When the trial court sustains an objection and instructs the jury to disregard, but denies a defendant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.[5] The determination depends on whether the court's instruction to disregard cured any prejudicial effect. Almost any improper argument may be cured by an instruction to disregard.[6] In assessing the curative affect of the court's instruction to disregard, the correct inquiry is whether the argument was extreme or manifestly improper, whether it injected new and harmful facts into the case, or whether it violated a mandatory statutory provision and was thus so inflammatory that an instruction to disregard could not cure its prejudicial effect.[7]

An appellate court should concentrate on the integrity of the process leading to the conviction and on whether the trial was a fair one.[8] While in *Harris* the Texas Court of Criminal Appeals instructed us in applying the 81(b)(2) harm analysis, the Court also instructed us to look at the collateral implications of the misconduct and whether declaring it harmless would likely encourage the State to repeat it with impunity.[9] These are not only proper considerations in conducting a harm analysis; they are also proper considerations in determining whether the argument was manifestly improper. When courts have repeatedly admonished lawyers who engage in impermissible conduct and the same lawyers have ignored the admonishments, that conduct may be found to be manifestly improper because otherwise it is repeated with impunity. When lawyers persist in ignoring proper admonishments, this court has not hesitated to declare such conduct as that engaged in by Mr. Wilder to be the source of reversible error.

In oral submission, counsel for the State conducted herself with great integrity. She admitted the argument was improper and that it should not be repeated. She

---

106, 133 L.Ed.2d 59 (1995); *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex.App.—Fort Worth 1997, no pet. h.) (op. on reh'g) (en banc).

3. *See Circle Y of Yoakum v. Blevins*, 826 S.W.2d 753, 759 (Tex.App.—Texarkana 1992, writ denied) (unsupported allegation that opposing counsel manufactured evidence was considered an incurable argument).

4. *See Byas v. State*, 906 S.W.2d 86 (Tex.App.—Fort Worth 1995, pet. ref'd) (unwarranted personal attack on opposing counsel constituted improper jury argument resulting in reversal and remand); *see also Kelly v. State*, 903 S.W.2d 809, 812 (Tex.App.—Dallas 1995, pet. ref'd) (argument encouraging the jury to overlook its duty to determine guilt and to get on with "real issue" of the case, i.e., punishment, constitutes improper jury argument requiring reversal and remand. The State has repeated such conduct with impu-

nity because the courts have declared it harmless).

5. *See Faulkner*, 940 S.W.2d at 312; *Sauceda v. State*, 859 S.W.2d 469, 474 (Tex.App.—Dallas 1993, pet. ref'd).

6. *See Dinkins*, 894 S.W.2d at 357; *Faulkner*, 940 S.W.2d at 312.

7. *See Long*, 823 S.W.2d at 267; *Hernandez v. State*, 819 S.W.2d 806, 820 (Tex.Crim.App.1991), *cert. denied*, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

8. *See Harris v. State*, 790 S.W.2d 568, 585–87 (Tex.Crim.App.1989).

9. · *See id.* at 587.

made no excuses and made no futile attempts to defend the unprovoked attack on defense counsel's credibility and integrity. We commend the State's attorney for the honesty with which she presented her case to the court.

Because we believe this conduct will not be repeated, we find that the trial court's instruction was sufficient to cure the prejudicial effect of the improper attack on defense counsel. The trial court, therefore, did not err in denying Appellant's motion for mistrial. The judgment of the trial court is affirmed.