The STATE of Texas, Appellant,

v.

David Allan LEE, Appellee.

No. 05–96–01894–CR.

Court of Appeals of Texas,
Dallas.

Dec. 18, 1997.

Tom O'Connell, Criminal District Attorney, Carrie Roberge Chavez, McKinney, for State.

J. Craig Jett, Dallas, for Appellee.

Before MALONEY, WHITTINGTON and BRIDGES, JJ.

## OPINION

WHITTINGTON, Justice.

The State appeals the trial court's order sustaining appellee's double jeopardy claim and dismissing the indictment against him with prejudice. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1), (4) (Vernon Supp.1998). In three points of error, the State contends the trial judge erred in (1) sustaining appellee's objection to a portion of the prosecutor's opening statement, (2) granting a mistrial based on the prosecutor's opening statement, and (3) barring a retrial of the charges against appellee based on double jeopardy. For the reasons set forth below, we dismiss the State's first and second points of error for want of jurisdiction. We overrule the State's third point of error and affirm the trial court's order dismissing the indictment in this cause.

## BACKGROUND

The grand jury indicted appellee for indecency with a child. Appellee pleaded not guilty, and the case was called for trial in October 1995. Following voir dire, the jury was empaneled and sworn and the prosecutor began her opening statement to the jury. During the opening, the prosecutor told the jury that before any charges were filed in the case, Paul Raleeh, the officer investigating the charges, called appellee and asked if they could talk. According to the prosecutor, appellee told Raleeh (1) he was not interested in talking to Raleeh, and (2) Raleeh should call appellee's attorney.[1] Appellee immediately objected to the prosecutor's statement, arguing it was an improper comment on appellee's invocation of his right to counsel and his right to remain silent.[2] Following a brief discussion between the court and counsel, the trial judge sustained appellee's objection and granted appellee's motion for mistrial.

The State later sought to retry appellee under the same indictment. Appellee filed an application for writ of habeas corpus, arguing the State was barred from retrying him because jeopardy had attached at the previous proceeding. The trial judge held a hearing on appellee's application in December 1995. After hearing from a number of witnesses, the trial judge orally denied habeas relief.

Shortly thereafter, appellee filed a motion to reconsider, urging the trial judge to reconsider his ruling in light of the Texas Court of Criminal Appeals's recent decision in *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App. 1996). The trial judge did so and ultimately granted the relief requested in appellee's application. Having concluded that further prosecution was barred under the double jeopardy clause of the Texas Constitution, the trial judge dismissed the indictment with prejudice and discharged appellee. The court then entered various findings of fact and conclusions of law, and the State perfected this appeal.

## JURISDICTION

■ In its first and second points of error, the State contends the trial court erred in sustaining appellee's objection to the prosecutor's opening statement and subsequently granting a mistrial based on that statement. According to the State, these rulings were improper because (1) the prosecutor's statement was not a "meaningful comment" on either appellee's right to remain silent or his right to counsel; and (2) a limiting instruction would have been sufficient to cure the error, if any, resulting from the comment. We conclude we lack jurisdiction to address these points.

Article 44.01 of the code of criminal procedure authorizes the State to appeal a trial

---

1. The prosecutor specifically said:

   The evidence will be that early on in the investigation, Detective Raleeh, before any charges were filed, while the case was still being investigated, called [appellee] and said, I have—there are some charges, a complaint has been filed against you, and I'm interested in talking to you about it.

   And [appellee] said that he wasn't interested in talking about it and to call his attorney, Craig Jett, and gave him the phone number.

2. Although appellee did not initially object to the statement as being an impermissible comment on his right to remain silent, counsel later included this as a ground for his objection after the trial judge indicated he believed the comment could be so interpreted.

court's order in a criminal case under only limited circumstances. *See* Tex.Code Crim. Proc. Ann. art. 44.01 (Vernon Supp.1998). Under article 44.01, the State may appeal a criminal court order if the order (1) dismisses a charging instrument or any portion thereof, (2) arrests or modifies a judgment, (3) grants a new trial, or (4) sustains a claim of former jeopardy. Tex.Code Crim. Proc. Ann. art. 44.01(a) (Vernon Supp.1998). Article 44.01 also authorizes the State, under certain circumstances, to appeal an order granting a motion to suppress. Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.1998). Likewise, the State may appeal a sentence on the ground the sentence is illegal. Tex.Code Crim. Proc. Ann. art. 44.01(b) (Vernon Supp. 1998). The complaints in the State's first and second points of error do not fall into any of these categories. Accordingly, we conclude we lack jurisdiction to address these points. We dismiss the State's first and second points of error for want of jurisdiction.

## DOUBLE JEOPARDY

In its third point of error, the State contends the trial judge erred in (1) concluding the State was barred from retrying appellee, and (2) dismissing the indictment in this case with prejudice. According to the State, dismissing the indictment was improper because the facts and circumstances presented by this case do not bar a retrial under the court's reasoning in *Bauder*.[3] We disagree.

The Texas Court of Criminal Appeals has recently announced a new standard for re-

viewing double jeopardy claims under the Texas Constitution.[4] In *Bauder*, the court held that, when a trial court properly grants a mistrial based on prosecutorial misconduct, a successive prosecution is barred if the court determines the prosecutor engaging in the objectionable conduct (1) acted with the intent to induce a mistrial; or (2) was aware of, but consciously disregarded, the risk that the conduct would require a mistrial at the defendant's request. *See Bauder*, 921 S.W.2d at 699.

■ The *Bauder* test requires us to follow a two-step analysis. *See Janney v. State*, 938 S.W.2d 770, 772 (Tex.App.—Houston [14th Dist.] 1997, no pet.); *Bauder v. State*, 936 S.W.2d 19, 20 (Tex.App.—San Antonio 1996, pet. granted) (op. on remand). Under that analysis, we first determine whether the mistrial was properly granted.[5] If we conclude it was, we then determine whether the prosecutor either intended to induce the mistrial or "was aware [of] but consciously disregarded the risk that an objectionable event for which he was responsible would require [the] mistrial." *Bauder*, 936 S.W.2d at 20. Under this test, the prosecutor is only accountable for mistrials that are (1) properly granted, and (2) made necessary by the deliberate or reckless conduct of the prosecutor. *Bauder*, 936 S.W.2d at 20.

■ Here, the trial judge granted a mistrial after the prosecutor told the jury that appellee (1) refused to discuss the allegations with Detective Raleeh, and (2) told Raleeh he should contact appellee's attorney. The trial

---

**3.** We have jurisdiction over this point because, under article 44.01(a)(1) and (4), the State may appeal an order sustaining a claim of former jeopardy and dismissing an indictment. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1), (4) (Vernon Supp.1998).

**4.** The *Bauder* court held that the Texas Constitution's double jeopardy protections were "slightly more expansive" than the federal constitution's when prosecutorial misconduct prompts a defendant to seek a mistrial. *See Ex parte Anthony*, 931 S.W.2d 664, 667 (Tex.App.—Dallas 1996, pet. ref'd).

**5.** According to the *Bauder* court, this step is necessary because the prosecutor is only accountable for mistrials that are properly granted. *See Bauder*, 936 S.W.2d at 20 (citing court of

criminal appeals's opinion in *Bauder*). However, we note, as did our sister court in *Janney*, that this prong of the test is troubling because it puts this Court in the awkward position of second-guessing the trial judge's decision to grant a mistrial. *See Janney*, 938 S.W.2d at 772 n. 1. We agree with the *Janney* court that many times, because of concern for an accused's right to a fair trial, a trial judge will err on the side of caution and grant a mistrial. Many considerations factor into this decision and many of them cannot be adequately reflected in the record. Accordingly, we question the propriety of having an appellate court determine whether the mistrial was "properly granted." Nevertheless, we recognize we are compelled to make this determination under *Bauder*.

judge concluded this statement was a comment on appellee's right to remain silent and his right to counsel and that (1) declaring a mistrial was manifestly necessary to ensure appellee a fair trial, (2) instructing the jury to disregard would have been insufficient to cure the error, and (3) the statement could be interpreted by the jury as evidence "of [appellee's] knowledge of his own guilt." As this Court noted in *Ex parte May*, 852 S.W.2d 3, 5 (Tex.App.—Dallas 1993, pet. ref'd), we accord great deference to a trial court's findings and conclusions when reviewing a double jeopardy claim. Deference is accorded because the trial court bases its ruling in part on a credibility determination that is inherently unreviewable by this Court. Accordingly, we view the evidence in the light most favorable to the trial court's ruling. *Ex parte May*, 852 S.W.2d at 5.

### Propriety of Granting Mistrial

We begin our analysis by first determining whether the trial judge properly granted a mistrial following the prosecutor's opening remarks. Here, the trial judge concluded the mistrial was "manifestly necessary" because an instruction to disregard could not have cured the error associated with the prosecutor's comment. We conclude the trial judge's conclusion is supported by the record.

■ Granting a mistrial is proper when (1) error is committed, and (2) the error cannot be cured by an instruction to disregard. *See Garcia v. State*, 943 S.W.2d 215, 216–17 (Tex. App.—Fort Worth 1997, no pet.) (noting it is error not to grant mistrial in case where error is so egregious an instruction to disregard could not cure harm). Here, the prosecutor's statement was clearly improper because it constituted a comment on appellee's invocation of his right to counsel. *See Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim. App.1991) (holding evidence of accused's invocation of right to counsel inadmissible as evidence of guilt); *Rezac v. State*, 722 S.W.2d 32, 33 (Tex.App.—Dallas 1986) (holding that invocation of constitutional right to counsel may not be relied on as evidence of guilt), *rev'd on other grounds*, 782 S.W.2d 869 (Tex. Crim.App.1990); *see also* TEX.CODE CRIM.

PROC. ANN. art. 38.38 (Vernon Pamph.1998) (noting that prosecutor in criminal case may not comment on fact that defendant has retained attorney). The question then is whether the error could have been cured by an instruction to disregard. We conclude it could not.

■ The comment in this case was a direct reference to appellee's having retained counsel to represent him. As the trial judge recognized, this is precisely the type of comment that could be taken by the jury as evidence of appellee's guilt. However, in addition to informing the jury that appellee had already retained counsel, the comment also indicated that appellee was unwilling to talk to police about the allegations. We note that the purpose of opening statement is to give the jury a general picture of the facts of the case so the jury will be better able to understand the evidence presented. In this case, the prosecutor distorted this "general picture" by informing the jury, at the outset, that appellee had hired a lawyer even before charges had been filed. This comment was one of the first "facts" the jury was told about the case and, because of that, it could well have shaped the jury's entire view of both the defendant and the case. Under these circumstances, we conclude the trial judge could properly have concluded that the prosecutor's comment was so prejudicial it could not have been cured by an instruction to disregard.

We recognize, as the court of criminal appeals did in *Bauder*, that a mistrial is an extreme remedy that should only be granted when an objectionable event is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. However, we conclude the "objectionable event" in this case satisfies this standard. After reviewing the record in this case in the light most favorable to the trial court's ruling, we conclude the record supports the trial court's decision to grant a mistrial. *See Ex parte May*, 852 S.W.2d at 5–6.

### Prosecutor's Conduct

■ We turn next to determine whether the second prong of the *Bauder* test is met;

*i.e.*, whether the prosecutor "was aware [of] but consciously disregarded the risk that an objectionable event for which [she] was responsible would require [the] mistrial." *Bauder*, 936 S.W.2d at 20. The trial judge, after hearing testimony from the prosecutor and others, concluded that it was. Again, we conclude the trial judge's conclusions are supported by the record.

In his findings of fact, the trial judge found that although the prosecutor did not intend to cause a mistrial, she "should have known" and was "reckless" about whether her statement would in fact require a mistrial at the defendant's request. Testimony from the habeas hearing supports this finding. During the hearing, the defense elicited evidence that the prosecutor (1) had been practicing law for approximately twelve years, and (2) had worked as a prosecutor in the district attorney's office for the past six years. In addition, testimony showed that the prosecutor (1) was an "experienced criminal trial attorney" (having handled approximately eighty-five jury trials), (2) was board certified in criminal law, and (3) averaged about twenty hours a year in continuing legal education. Finally, the prosecutor admitted that she had previously had three or four cases end in mistrials when the mistrials were not the result "of the jury being unable to reach a verdict."[6]

Based on this and other evidence, the trial judge concluded the prosecutor had been "reckless" about whether her statement to the jury would in fact require a mistrial. We find no error in the trial court's decision. *See Ex parte May*, 852 S.W.2d at 5 (reviewing ruling on double jeopardy claim to determine whether ruling was clearly erroneous). The question of whether a prosecutor acts intentionally or recklessly in prompting a defense request for a mistrial is a matter falling peculiarly within the province of the trial court. Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court could properly have found that this seasoned prosecutor "was aware [of,] but consciously disregarded[,] the

risk" that her actions would require a mistrial. Accordingly, we conclude the second prong of the *Bauder* test is met. The State is barred from retrying appellee for the offense charged. We overrule the State's sole point of error.

We affirm the trial court's order dismissing the indictment in this cause.

---

6. The prosecutor also admitted at the habeas hearing that although her purpose for making the subject statement was to show that Raleeh conducted a thorough investigation, the statement that appellee made to Raleeh invoking his right to counsel did little, if anything, to further this purpose.