**Alan William GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–303 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 28, 1999.

Decided March 3, 1999.

James R. Reed, Houston, for appellant.

Frank Bass, Jr., County Atty., Jose Mata, Asst. County Atty., Conroe, for State.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

**OPINION**

DON BURGESS, Justice.

A jury convicted Alan William Gray of the misdemeanor offense of driving while intoxicated. The trial court assessed punishment, sentencing Gray to 180 days' confinement in the County Jail, suspended for two years. Gray appeals, challenging the trial court's denial of his motion to suppress. Specifically, he alleges the audio portions of the DWI videotape where he invoked his sixth amendment right to counsel and sought to terminate the interview should not have been published to the jury.

STANDARD OF REVIEW

The standard for reviewing a trial court's ruling on a motion to suppress evidence was succinctly stated by the Court of Criminal Appeals as follows:

A trial court's ruling on a motion to suppress lies within the sound discretion of that court. At the hearing on the motion,

the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).... [A]n appellate court must view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, and must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.*

*Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim.App.1996).

## TRIAL COURT'S RULING ON MOTION TO SUPPRESS

■ Directly on point is *Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App.1991). In that case, the defendant was arrested for DWI, taken to the police station and videotaped. The defendant sought to suppress the tape on the grounds that it improperly informed the jury of his exercise of his constitutional rights but the trial court overruled his objections. The Dallas Court of Appeals held the admission of the audio portion of the tape impermissibly penalized the defendant for exercising his right against self-incrimination. *Hardie v. State,* 787 S.W.2d 89, 90 (Tex.App.—Dallas 1990). On appeal, the Court of Criminal Appeals upheld that decision, reasoning:

> We believe that evidence of an accused invoking his or her right to counsel may indeed be construed adversely to a defendant and may improperly be considered as an inference of guilt.... Such adverse use of evidence that a defendant invoked a right or privilege which has been granted him, is constitutionally impermissible.... We therefore hold that evidence of one's invocation of the right to counsel is inadmissible as evidence of guilt.

*Hardie,* 807 S.W.2d at 322 (citations omitted).

In addressing this issue, other courts of appeals have continued to follow *Hardie* and said it is error to admit such evidence. *See Fierro v. State,* 969 S.W.2d 51, 54–55 (Tex. App.—Austin 1998, no pet.); *Reeves v. State,* 969 S.W.2d 471, 495–97 (Tex.App.—Waco 1998, pet. ref'd); *Cooper v. State,* 961 S.W.2d 222, 226–27 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd); *Johnson v. State,* 841 S.W.2d 562, 565 (Tex.App.—Eastland 1992), *rev'd on other grounds,* 869 S.W.2d 347 (Tex. Crim.App.1994). *See also State v. Lee,* 971 S.W.2d 553, 556 (Tex.App.—Dallas 1997, pet. granted); *Morris v. State,* 897 S.W.2d 528, 533 (Tex.App.—El Paso 1995, no pet.); *Raffaelli v. State,* 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref'd); *Sontag v. State,* 841 S.W.2d 889, 893 (Tex.App.—Corpus Christi 1992, pet. ref'd); *Dumas v. State,* 812 S.W.2d 611, 614 (Tex.App.—Dallas 1991, pet. ref'd).

In accordance with *Hardie* and its progeny, we hold the trial court erred in admitting evidence of Gray's invocation of his right to counsel and his right to terminate the interview.

## HARM ANALYSIS

■ Having found trial error, we now conduct a harm analysis in accordance with TEX. R. APP. P. 44.2. As the error involved is constitutional in nature, Rule 44.2(a) is implicated. Like Rule 81(b)(2) before it, Rule 44.2(a) mandates reversal unless this court determines beyond a reasonable doubt the error made no contribution to the conviction. Accordingly, a Rule 44.2(a) analysis also requires us to examine the source and nature of the error, whether or to what extent it was emphasized by the State, its probable collateral implications, how much weight a juror would probably place upon the error, and whether declaring the error harmless would encourage the State to repeat it with impunity. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989).

In this case, the source of the error was the State's offering and the trial court's admitting into evidence the audio portion of the videotape where Gray invoked his right to counsel and his right to terminate the interview. The nature of the error was to point out Gray's combative attitude. The State directly emphasized Gray's invocation of his right to counsel in its closing argument stating, "and you'll see again if you look at the video again back in that jury room—you will see that his major concern is the videotape.

He requests a lawyer 15 times. I counted, but that's really just a ploy." The probable collateral implication was that Gray was guilty.

In considering the weight a juror would probably place upon the error, we look to the other evidence of Gray's guilt. Officer Trooper Kenneth Brown, the arresting officer, was the only witness. Brown testified Gray was speeding and swerving from lane to lane prior to being pulled over and failed to stop in a timely manner. Brown noticed a strong odor of alcohol coming from the vehicle. He also noted Gray's eyes were red and glassy and his speech was slurred. Gray admitted he had been drinking but did not know how many drinks he had consumed. Brown also testified that Gray's wife said, "I told you you had too much to drink to drive." Brown further testified Gray stumbled when walking, failed to follow instructions and continually interrupted him. The videotape reflects Gray's combative attitude. His speech and physical movements are somewhat indicative of intoxication.[1]

While the evidence of guilt is substantial, we find it is not so overwhelming that the error's effect upon the jury's function in determining the facts dissipated. *Harris*, 790 S.W.2d at 587. We are not convinced that a juror would not place significant weight on Gray's repeated invocations of his right to counsel, particularly in light of the strictures the Court of Criminal Appeals placed upon us in deciding whether error is harmless:

> In summary, the reviewing court should focus not on the weight of the other evidence of guilt, but rather on whether the error at issue might possibly have prejudiced the jurors' decision-making; it should ask not whether the jury reached the correct result, but rather whether the jurors were able properly to apply law to facts in order to reach a verdict. Consequently, the reviewing court must focus upon the process and not on the result. In other words, a reviewing court must always examine whether the trial was an essentially fair one. If the error was of a magnitude that it disrupted the juror's orderly evaluation of the evidence, no matter how overwhelming it might have been, then the conviction is tainted. Again, it is the effect of the error and not the other evidence that must dictate the reviewing court's judgment.

*Harris*, 790 S.W.2d at 587–88.

As recognized by the Court of Criminal Appeals, the evidence improperly admitted in this case "may be construed adversely to a defendant and may improperly be considered as an inference of guilt." *Hardie*, 807 S.W.2d at 322. Thus, we find the error to be of a magnitude that it disrupted the jury's consideration of the evidence, tainting Gray's conviction.

Regarding the last *Harris* factor, we cannot say that if we declared this error harmless, the State would not be encouraged to offer this kind of evidence in the future. It is indisputable that this evidence was inadmissible, as the case law cited herein demonstrates. We are loathe to sanction, must less encourage, the offering of clearly inadmissible evidence by declaring it harmless.

Under TEX.R.APP. P. 44.2(a), we must reverse a judgment of conviction if the appellate record reveals constitutional error unless we determine beyond a reasonable doubt that the error did not contribute to the conviction. We are unable to find that the trial court's error in admitting evidence of Gray's assertion of his constitutional rights did not contribute to his conviction. The judgment of the trial court is reversed and the cause remanded for new trial.

**REVERSED AND REMANDED.**

---

1. In light of this evidence, we are perplexed as to why the State insisted on including the inadmissible evidence, particularly when Gray sought to suppress *only* the audio portions of the videotape where he actually asked for counsel and to terminate the interview.