MEMORANDUM OPINION




No. 04-03-00323-CR



Elbert MISNER,


Appellant



v.



The STATE of Texas,


Appellee



From the 399th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-5726A


Honorable Juanita Vasquez-Gardner, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: April 7, 2004


AFFIRMED

 Elbert Misner ("Misner") was found guilty by a jury of possession of heroin with intent to
deliver. Misner's sentence was enhanced based on prior felony convictions, and he was sentenced
to life imprisonment. Misner presents five issues on appeal, contending: (1) the evidence is legally
and factually insufficient to establish that Misner possessed heroin with an intent to deliver; (2) the
evidence is insufficient to support the jury's finding of true to the second enhancement count; (3) the
trial court erred in denying Misner's motion for continuance because he did not receive his indictment
at least ten days before trial; and (4) the evidence is insufficient to establish the weight of the heroin.
We affirm the trial court's judgment.

Background


 Detective Richard Funk was contacted by a paid confidential informant regarding information
involving drug trafficking. The informant had a criminal history involving narcotics and was
considered reliable. The informant previously had been paid for providing information. 

 The confidential informant provided Misner's name to Detective Funk. Based on the
information he was provided, Detective Funk called five or six other detectives and established a
surveillance at the location where Misner lived. The detectives waited for a particular vehicle to
arrive. When the vehicle arrived, the detectives converged and surrounded the vehicle with their cars.
Misner was the passenger in the vehicle, which was driven by Roy Spears. The detectives identified
themselves, and Detective Funk handcuffed Misner, who was standing at the back of the vehicle.
Detective Durden handcuffed Spears, and pointed to heroin that Detective Durden saw Misner drop
on the ground. The heroin was packaged in two containers: a prescription pill bottle containing
Spears's name and a sandwich-type bag. Pictures of the two containers at the location where they
were dropped were introduced into evidence. Detective Funk stated that Spears was detained at the
driver's side of the vehicle and was never close to the back of the vehicle where Misner dropped the
heroin. Detective Funk testified that Spears could not have thrown the heroin to the location because
it would have hit him first and Spears never reached under the vehicle.

 Detective Funk testified that the amount of heroin was more than a user would generally carry
or use. Detective Funk stated that he had worked hundreds of drug cases, and the amount of heroin
was almost double what a heroin addict would use in one day. Detective Funk testified that the amount of heroin was more consistent with a person who intends to package and sell the drug.

 Detective Durden assisted Detective Funk with the surveillance. When Detective Funk called
the detectives, Detective Durden drove forward and positioned his car to block any type of escape.
As he arrived, Misner had exited the passenger side of the car and was starting to walk to the back
of the car. Detective Durden identified himself and started heading toward Misner. At that time,
Detective Funk had arrived and had come around to take custody of Misner. As Misner approached
the back corner of the vehicle, Detective Durden saw Misner make a "throw-down motion" and heard
something hit the ground. Detective Durden passed Detective Funk and handcuffed Spears.
Detective Durden stated that if Spears had attempted to throw something underneath the car, he
would have heard a different sound. Detective Durden further testified that he did not believe Spears
could have thrown a plastic bag as far back as the bag containing the heroin was found because the
weight of the bag would not have carried it that far. Detective Durden photographed the containers
and collected the evidence. Detective Durden believed that the amount of heroin was enough for
distribution. The field-test results revealed that the prescription bottle contained 1.3 grams of heroin,
and the plastic bag contained 5.6 grams of heroin. Detective Durden stated that a chemist's weighing
of the heroin would differ from the field test because the field test weighs the heroin in plastic bags.

 Mark Florence, a forensic scientist with the Bexar County Forensics Science Crime Lab,
tested the contents of the plastic bag which he determined contained over 4 grams of heroin. Misner testified that Spears was driving Misner's car because Misner did not like to drive at
night. Misner had accompanied Spears to pick up some money. Misner testified that when they
exited the car, the detectives pulled up and told them to freeze. Misner threw his cigarette down and
put up his hands. Misner denied seeing Spears in possession of the pill bottle or the plastic bag.
Misner also denied being in possession of the heroin. Misner stated that a street cleaner was going
by the front of the house at the time he was arrested. On cross-examination, Misner admitted that
he was previously convicted of burglary with intent to commit theft on November 7, 1955, assault
with intent to rob on November 7, 1955, burglary with intent to commit theft on February 22, 1962,
burglary with intent to commit theft on November 5, 1973, passing as true a forged instrument in
three separate causes on November 5, 1973, theft of property of the value of over $200 and less than
$10,000 on June 6, 1979, and theft between $200 and $750 on October 21, 1993.

 After hearing the evidence, the jury found Misner guilty of possession of heroin with intent
to distribute.

Sufficiency of the Evidence


 To determine the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict and ask if any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 319 (1979). For a factual sufficiency review, an appellate court looks at all the evidence to
determine whether it is so weak as to make the verdict clearly wrong and manifestly unjust or whether
the adverse finding is against the great weight and preponderance of the evidence. Sims v. State, 99
S.W.3d 600, 601 (Tex. Crim. App. 2003). Appropriate deference must be given to the jury's decision
to "prevent an appellate court from substituting its judgment for that of the fact finder." Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). "[A]ny evaluation should not substantially intrude
upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony."
Id.

A. Possession with Intent to Distribute

 In his first two issues, Misner challenges the legal and factual sufficiency of the evidence to
support the jury's finding that he possessed the heroin with an intent to distribute it. 

 "Possession" is statutorily defined as "actual care, custody, control, or management." Tex.
Health & Safety Code Ann. § 481.002(38) (Vernon Supp. 2004). In order to show that Misner
was in possession of the heroin, the State must provide evidence of affirmative links between Misner
and the heroin. See De la Garza v. State, 898 S.W.2d 376, 379 (Tex. App.--San Antonio 1995, no
pet.). Circumstances that may link an accused to contraband include: (1) presence when the search
was executed; (2) contraband in plain view; (3) proximity to and the accessibility of the contraband;
(4) accused under influence of the contraband; (5) accused's possession of other contraband when
arrested; (6) accused's incriminating statements when arrested; (7) attempted flight; (8) furtive
gestures; (9) odor of the contraband; (10) presence of other contraband or drug paraphernalia not
included in the charge; (11) accused's ownership or right of possession of the place where the
controlled substance was found; (12) drugs found in an enclosed place. Id. In this case, Misner was
present when the heroin was found in plain view. Misner was in close proximity to the heroin and
made a "throw-down" motion in the area in which the heroin was found. This is sufficient evidence
to affirmatively link Misner to the heroin and to support the jury's finding that Misner was in
possession of the heroin.

 Intent is a question of fact to be determined by the trier of fact based upon the circumstantial
evidence adduced at trial. Puente v. State, 888 S.W.2d 521, 527 (Tex. App.--San Antonio 1994,
no pet.). Intent can be inferred from the acts, words or conduct of the accused as well as the amount
of the controlled substance possessed and the manner in which it was possessed. Id.; see also Ingram
v. State, No. 11-02-00168-CR, 2003 WL 22249688, at *3 (Tex. App.--Eastland Oct. 2, 2003, no
pet.). In this case, Officer Funk testified that the amount of heroin was more than a user would
generally carry or use. Detective Funk stated that he had worked hundreds of drug cases, and the
amount of heroin was almost double what a heroin addict would use in one day. Detective Funk
testified that the amount of heroin was more consistent with a person who intends to package and
sell the drug. In addition, Detective Durden also testified that the amount of heroin was enough for
distribution. Finally, the jury could have considered that the heroin had already been divided into two
separate containers. We hold that this evidence is legally and factually sufficient to support the jury's
finding that Misner possessed the heroin with intent to distribute it.

B. Weight of Heroin

 In his fifth point of error, Misner challenges the legal sufficiency of the evidence to support
a finding that he possessed heroin that weighed at least 4 grams. Misner's challenge is based on
earlier law that required the State to prove the actual quantity of pure heroin, excluding all adulterants
and dilutants. Section 481.112 of the Texas Health and Safety Code now provides that an offense
of possession with intent to deliver is a first degree felony if "the amount of the controlled substance
to which the offense applies is, by aggregate weight including adulterants and dilutants, four grams
or more but less than 200 grams." Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003)
(emphasis added); see also Cuddy v. State, 107 S.W.3d 92 (Tex. App.--Texarkana 2003, no pet.)
(discussing change in the law). The amended law was in effect at the time of Misner's arrest and trial.
Accordingly, Florence's testimony is sufficient to establish that the heroin weighed at least four
grams.

C. Enhancement

 In his third issue, Misner contends that the evidence is insufficient to prove that the second
prior felony alleged in the enhancement paragraphs of the indictment was committed after the first
prior felony was final.

 The enhancement allegations contained in the indictment read as follows:


 Before the commission of the offense alleged above, hereafter styled the
primary offense, on the 7th day of November, A.D., 1955, in Cause No. 54350, in
Bexar County, Texas, the Defendant was convicted of the felony of Burglary with
Intent to Commit Theft.

 Before the commission of the primary offense, and after the conviction in
Cause No. 54350 was final, the Defendant committed the felony of Burglary with
Intent to Commit Theft and was convicted on the 22nd day of February, A.D., 1962,
in Cause No. 60545, in Bexar County, Texas.


The jury found both enhancement allegations true.

 The State introduced pen packets for each of Misner's prior offenses. The pen packet for
Cause No. 54350 contains the judgment which was entered on November 7, 1955, and the pen packet
for Cause No. 60545 contains the judgment which was entered on February 22, 1962. In questioning
Misner's former employer regarding his knowledge of Misner's criminal history, the State first
referenced the 1955 offense, asking if the employer was familiar with the offense Misner committed
in 1955. The State then inquired whether the employer was aware that in 1962, Misner committed
another offense and was sentenced to prison. The State then proceeded to ask the employer about
several other offenses Misner had committed on subsequent dates, including a murder conviction for
which Misner was on parole at the time he worked for the employer.

 In his brief, Misner addresses his sufficiency challenge as a legal sufficiency challenge, stating
that "there was no evidence as to the date on which the first or second offense was committed." The
legal sufficiency standard of review is "meant to give 'full play to the [jury's] responsibility fairly' to
'draw reasonable inferences from basic facts to ultimate facts.'" Lacour v. State, 8 S.W.3d 670, 671
(Tex. Crim. App. 2000) (quoting Jackson v. Virginia, 443 U.S. at 319).

In this case, the jury could infer from questions posed by the prosecutor that Misner had committed
the offenses in 1955 and 1962, respectively, (1) and the evidence established that the 1955 conviction
was final before the 1962 offense was committed. "[W]hen the State offers into evidence a certified
copy of a judgment and sentence, it has made a prima facie case that the conviction reflected within
that judgment and sentence is a final conviction worthy of respect." Jones v. State, 77 S.W.3d 819,
822-23 (Tex. Crim. App. 2002). "If the judgment of conviction has been set aside, vacated or
appealed, the defendant must offer some evidence to support that fact." Id. at 823. Misner did not
offer any evidence to challenge the finality of the 1955 conviction. Based on the pen packets and the
inferences the jury was entitled to draw from the prosecutor's questioning, the evidence is sufficient
to support the jury's finding that the enhancement allegations were true.

Continuance


 In his fourth issue, Misner contends that the trial court erred in denying his motion for
continuance because he was not provided with a copy of the indictment at least ten days before trial
as required by article 27.12 of the Texas Code of Criminal Procedure.

 A motion for continuance that is not in writing and not sworn preserves nothing for review.
Pierce v. State, 113 S.W.3d 431, 435 (Tex. App.--Texarkana 2003, pet. ref'd); Legate v. State, 52
S.W.3d 797, 806 (Tex. App.--San Antonio 2001, pet. ref'd) In addition, to preserve error, the
defendant's objection at trial must comport with his complaint on appeal. Routier v. State, 112
S.W.3d 554, 586 (Tex. Crim. App. 2003). In this case, the only written motion for continuance
requested a continuance to locate witnesses. The motion did not request a continuance based on any
delayed receipt of the indictment. Misner does not complain on appeal about the denial of the motion
for continuance based on the absence of witnesses. During the pre-trial hearing, Misner mentioned
that he did not receive the indictment until "about eight or nine days" before trial in addressing the
trial court regarding trial counsel's representation of him. Misner stated that he had lost faith in trial
counsel. The trial court stated that it was not permitting trial counsel to withdraw and further stated,
"I'm not going to grant a motion for continuance, Mr. Misner. We're going forward today."
Because Misner did not move for a continuance in writing based on the delayed delivery of the
indictment, he has not preserved this issue for our review.

 Furthermore, article 27.12 is not properly invoked when the objectives of the statute have
been achieved. Roberts v. State, 93 S.W.3d 528, 532 (Tex. App.--Houston [14th Dist.] 2002, pet.
ref'd). Although Misner asserted that he had not received a copy of the indictment until "about eight
or nine days" before trial, which began April 15, 2003, trial counsel stated that he had met with
Misner on June 15th for an hour and February 6th for forty-five minutes. In addition, trial counsel,
together with an investigator, met with Misner on April 4th for forty-five minutes. Neither Misner
nor trial counsel requested an opportunity to file any additional motions or pleadings, and there was
no indication at the beginning of trial that Misner was unaware of or unfamiliar with the nature of the
charges against him or the State's evidence that was relevant to the offense. Accordingly, even if
Misner had properly preserved this complaint for our review, we would hold that the trial court did
not err in proceeding with trial. See id. at 533. 

Conclusion


 The judgment of the trial court is affirmed.

 Alma L. López, Chief Justice


DO NOT PUBLISH


1. Several cases have noted that inferences may be drawn from prosecutor's questions. See, e.g., Veteto v. State,
8 S.W.3d 805, 817 (Tex. App.--Waco 2000, pet. ref'd); Lopez v. State, 940 S.W.2d 388, 390 (Tex. App.--Austin ),
pet. ref'd, 954 S.W.2d 774 (Tex. Crim. App. 1997); Janney v. State, 938 S.W.2d 770, 773 (Tex. App.--Houston [14th
Dist. 1997, no pet.).