**Ex parte Frank Delvis MAY, Appellant.**

**No. 05–92–02488–CR.**

Court of Appeals of Texas, Dallas.

Feb. 26, 1993.

**4**

John H. Hagler, Dallas, for appellant.

Sharon W. Curtis, McKinney, for appellee.

Before BAKER, ROSENBERG and MORRIS, JJ.

## OPINION

BAKER, Justice.

Frank Delvis May appeals the trial court's order denying his pretrial application for writ of habeas corpus. Appellant contends that double jeopardy bars the State's prosecution for the offense of driving while intoxicated. We affirm the trial court's order.

## PROCEDURAL BACKGROUND

The State tried and convicted appellant in September 1988 of the offense of driving while intoxicated. In an earlier appeal, we reversed the conviction and remanded the case for a new trial. We held the trial court erred in admitting hearsay evidence of an intoxilyzer readout. *May v. State,* 784 S.W.2d 494, 495 (Tex.App.—Dallas 1990, pet. denied). In October 1990, during the second trial, appellant moved for a mistrial. He based his motion on the admission of statements that he argued were inadmissible hearsay. The trial court granted appellant's motion and ordered a mistrial.

In September 1992, before the third jury trial had begun, appellant filed an application for writ of habeas corpus. He alleged that a third trial would violate the double jeopardy clause of the United States and Texas Constitutions and articles 1.10, 1.11, 28.13, and 37.12 of the Texas Code of Criminal Procedure. The trial court denied appellant's application.

## STANDARD OF REVIEW

■■■ Where, as here, the defendant moves for a mistrial, the double jeopardy clause is not a bar to retrial. *Crawford v. State,* 703 S.W.2d 655, 662 (Tex.Crim.App. 1986); *see Oregon v. Kennedy,* 456 U.S. 667, 672–73, 102 S.Ct. 2083, 2088, 72 L.Ed.2d 416 (1982). There is one narrow exception to this rule: When the prosecutor intends to goad the defendant into moving for a mistrial, the defendant may raise the bar of double jeopardy in a second trial after having succeeded in aborting the first trial on his own motion. *Oregon,* 456 U.S. at 673, 102 S.Ct. at 2088; *Crawford,* 703 S.W.2d at 662.

■■■ Prosecutorial conduct that could be harassing or overreaching is not a bar to retrial absent the prosecutor's intent to subvert the protections afforded by the double jeopardy clause. *Oregon,* 456 U.S.

at 675–76, 102 S.Ct. at 2089. This test calls for the trial court to make a finding of fact. *Oregon,* 456 U.S. at 675, 102 S.Ct. at 2089.

 A defendant has the burden to go forward with evidence in support of an allegation of former jeopardy. *See Wockenfuss v. State,* 521 S.W.2d 630, 631 (Tex. Crim.App.1975). The trial court, as the fact finder, determines the witnesses' credibility and the weight given their testimony. *See Bonham v. State,* 680 S.W.2d 815, 822 (Tex.Crim.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The fact finder may believe or disbelieve all or part of any witness's testimony. *See Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

 We review the trial court's order to determine if its decision is clearly erroneous. *See Anderson v. State,* 635 S.W.2d 722, 725 (Tex.Crim.App.1982). We look to the record to see if the record leaves us with the definite and firm conviction that the trial court made a mistake. *See Hill v. State,* 827 S.W.2d 860, 865 (Tex.Crim.App. 1992). The clearly erroneous standard accords great deference to the trial court's findings and conclusions. This is so because the trial court bases its rulings in part upon a credibility determination that is not reviewable by the appellate court. *Young v. State,* 826 S.W.2d 141, 152 (Tex. Crim.App.1991) (op. on reh'g). We view the evidence in the light most favorable to the trial court's ruling. *See Whitsey v. State,* 796 S.W.2d 707, 721 (Tex.Crim.App. 1989) (op. on reh'g).

## APPELLANT'S POINT OF ERROR

 Appellant argues that the trial court erred in denying his application for writ of habeas corpus based upon a violation of the double jeopardy clause. Appellant maintains that the State goaded him into moving for a mistrial. Appellant notes that this Court reversed his first conviction based upon the admission of inadmissible hearsay—an intoxilyzer readout. Appellant asserts that in the second trial the State again introduced into evidence prejudicial and inadmissible hearsay. Appellant contends that the State intended to provoke him into moving for a mistrial.

## A. Applicable Facts

Appellant complains about certain testimony by DPS Trooper William Diggs. Diggs testified that he stopped appellant's car. Diggs determined that appellant was intoxicated. Diggs arrested appellant as well as a passenger, Janet Atkinson. He arrested Atkinson for public intoxication. Before Diggs read appellant his *Miranda* warnings, appellant told Diggs that appellant would plead guilty if Diggs did not arrest Atkinson. Appellant asked if he took and failed the test, would the police arrest him. He asked if he refused to take the test, would the police arrest him.

A second trooper, Kent Paluga, testified that appellant said he would plead guilty if the officers "cut [Atkinson] some slack and not arrest her." The prosecutor also questioned Paluga about Atkinson's statements. Atkinson said that she and appellant had been on a boat up at Lake Texoma. She and appellant had been drinking wine and other drinks at a club.

Without determining the admissibility of the testimony, we focus on the prosecutor's intent. By denying appellant's application for writ of habeas corpus, the trial court implicitly found that the prosecutor did not intend to goad appellant into moving for a mistrial.

During the habeas corpus hearing, the trial judge noted he was the same judge who had heard the second trial. The trial court admitted the statement of facts from the second trial into evidence. Appellant testified that he did not know whether he was winning the second trial. The prosecutor in the second trial testified:

At all times during the trial I felt that this was a good case for the State and we would win the case. I still think that it is simply a matter that [appellant] wants jail—or probation in the case when he has prior DWIs and that is not being offered.

I did not personally make a statement that caused a mistrial. I didn't want a

mistrial. I surely never goaded [appellant] into asking for a mistrial.

I believed at all times and it was confirmed after I talked with the jury that the jury was leaning toward the State. I would never ask or try to get a mistrial anyway.

... I never intended to harass [appellant] or goad him into requesting a mistrial.

\* \* \* \* \* \*

There was no intent to prejudice [appellant] with regard to any of the evidence that came in other than the usual way, which is to prove that [appellant] was guilty that day of driving while intoxicated. I was surely not trying to commit any error and I don't believe I committed any error.

\* \* \* \* \* \*

I think the prosecutor and the defense attorney as well should be able to rely on the rulings made by the Court and I do rely on the rulings made by Judge Barry and for this to be an intentional ground of misconduct on the part that I relied on the rulings of the Court, I don't understand it.

### B. Application of the Law to the Facts

The record shows that the prosecutor believed the statements were admissible and proper. The prosecutor, defense counsel, and the trial court discussed some of the issues before the prosecutor presented the evidence. The prosecutor presented the evidence in a manner consistent with the trial court's rulings. When appellant objected to the admission of the evidence, the trial court overruled his objections.

The trial court believed the prosecutor when she said she did not intend to goad appellant into moving for a mistrial. After reviewing the record in the light most favorable to the trial court's ruling, we conclude the record supports the trial court's order. We hold the trial court's ruling was not clearly erroneous. *Whitsey,* 796 S.W.2d at 726.

Appellant also asserts that a third trial would "lead to fundamental unfairness."

*See generally Hoag v. New Jersey,* 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958) (multiple trials for multiple offenses). He also contends that a third trial would violate the provisions of articles 1.10 (jeopardy), 1.11 (acquittal at bar), 28.13 (former acquittal or conviction), and 37.12 (judgment on verdict) of the Texas Code of Criminal Procedure. Aside from making these global assertions, appellant has not briefed how *Hoag* or any of these statutes support his double jeopardy analysis. To the extent, if any, that appellant seeks to assert arguments beyond his double jeopardy contention, we hold that appellant waived those arguments. TEX.R.APP.P. 74(f); *Kelley v. State,* 817 S.W.2d 168, 175 (Tex.App.—Austin 1991, pet. ref'd). We overrule appellant's point of error.

### THE STATE'S MOTION FOR SANCTIONS AND COSTS

The State contends that defense counsel has violated rule 3.03 of the State Bar Rules of Professional Conduct. This rule provides that a lawyer shall not knowingly in an ex parte proceeding fail to disclose to the tribunal an unprivileged fact that the lawyer reasonably believes should be known by the tribunal for it to make an informed decision. *See* TEX.DISCIPLINARY R.PROF.CONDUCT 3.03(a)(3) (1990), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1993).

The State contends that appellant did not present any evidence at the hearing on his application for habeas corpus. The State contends that appellant did not bring this Court any evidence from the application hearing. The State says it, on its own, filed the statement of facts of the application hearing. The State argues that appellant's conduct of concealing facts shows his application in the trial court was baseless and that his appeal is an abuse of process. The State asks this Court to assess costs against appellant and to fine or punish appellant. *See* TEX.R.APP.P. 44(c).

The record from the application hearing shows appellant introduced into evidence the statement of facts of the second trial. The statement of facts from the second

trial is some evidence that arguably supported appellant's contentions.

As for the record in this Court, appellant filed the statement of facts of the application hearing in this Court on December 16, 1992. On January 19, 1993, the State moved to supplement the record and tendered a copy of the statement of facts of the application hearing. On January 25, 1993, we granted the State's motion and ordered the State's copy filed.[1] As appellant had already filed the statement of facts of the application hearing, the State's efforts were unnecessary. Appellant also filed the statement of facts of the second trial—the October 1990 trial—in this Court on February 1, 1993. Appellant has presented an adequate record.

We deny the State's motion for fines and other sanctions. We order each party to pay its own costs of this appeal. We affirm the trial court's order denying appellant's application for writ of habeas corpus.

---

1. This Court's January 25, 1993 order incorrectly refers to the January 19, 1993 motion as "appellant's" motion; the record unequivocally shows that the State filed the January 19, 1993 motion.