**Timothy Nelson McCULLOCH, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 12–94–00128–CR.**

Court of Appeals of Texas, Tyler.

Jan. 31, 1995.

Rehearing Overruled Feb. 28, 1995.

Terry G. Collins, Houston, for appellant.

Rusty Hardin, Houston, for appellee.

RAMEY, Chief Justice.

Appellant, Timothy Nelson McCulloch ("McCulloch"), asserts that the trial court erred in denying his pretrial application for writ of habeas corpus on the ground that double jeopardy bars his further prosecution for the murder of Michael Roy Hampton ("Hampton"). We disagree and affirm the trial court's order.

McCulloch was convicted in the 349th Judicial District Court of Houston County for the murder of Hampton and his punishment assessed by the jury at fifty years imprisonment. Subsequently, McCulloch filed a motion for new trial complaining, among other grounds, that the State had failed to disclose to him exculpatory evidence it had received from Melissa Stewart ("Stewart"), a witness to the shooting, in violation of the trial court's omnibus pre-trial order. The trial court granted McCulloch's motion for new trial on this ground, which order was affirmed by this court. Thereafter, on August 12, 1993, the case was transferred by change of venue order to the Second Judicial District Court in adjoining Cherokee County.

On October 1, 1993, McCulloch filed his application for writ of habeas corpus complaining that double jeopardy barred his retrial. In the application, McCulloch assigned two federal and two state constitutional grounds for his prior jeopardy claim which are the same grounds as his four points of error here. A hearing was conducted by the trial court on May 10, 1994, and the court denied the writ of habeas corpus that day. On June 1, 1994, Findings of Fact and Conclusions of Law were filed.

The asserted basis of McCulloch's claim for habeas relief is Special Prosecutor B.N. Tucker, Jr.'s ("Tucker") failure to disclose to him or his counsel that the witness Stewart had told Tucker in a conversation during an early stage of the murder trial that she thought that the shooting was accidental and that McCulloch had made declarations to that effect immediately after the gun discharged. Although subpoenaed by the State and in attendance during McCulloch's murder trial, Stewart was not called by either side to testify. Furthermore, McCulloch asserts that Tucker had earlier called Stewart to appear before the Grand Jury but she was

only interrogated about the events that preceded the shooting, not the shooting itself or any subsequent statements or events.

Tucker responded that although he recalled a conversation with Stewart during the early stages of the trial in which she advised that she thought the shooting was accidental, he did not believe that the remark was exculpatory; he was aware that she had been under psychiatric care, and that this remark was not consistent with her own written statement[1] to the State or with the State's investigator's report of the incident. Tucker further acknowledged that if he had considered Stewart's statement exculpatory, the failure to disclose it would have been violative of the court's omnibus pre-trial order. Stewart and McCulloch were "good friends", and there was no evidence that McCulloch was not aware that she was present at the time of the shooting. Tucker denied that he undertook to prevent Defendant from contacting Stewart at any time nor suggested to Stewart that she not talk with him or his counsel.[2] Tucker furthermore denied that he intended to prejudice McCulloch's right to a fair trial by not disclosing the claimed exculpatory remarks to him.

After the habeas corpus hearing, the trial court recited his fact findings and concluded that Tucker "did not intend to cause a mistrial or seek to obtain a conviction based upon unfair prejudice" to McCulloch's rights. The application for writ of habeas corpus was denied by the trial court on all constitutional grounds.

■ Our standard of review is that the trial court's determination may be disturbed only if it is "clearly erroneous". *Ex Parte May*, 852 S.W.2d 3, 5 (Tex.App.–Dallas 1993, writ ref'd). This standard accords great deference to the trial court's findings and conclusions. *Ibid.* The evidence is viewed in

1. Stewart testified that her written statement to the State was itself inaccurate, because it contained narrative material that the sheriff, who was one of the interrogators, insisted that she include. There is no evidence that Tucker had knowledge of any inaccuracy in Stewart's written statement nor that Stewart claimed that there had been overreaching in the drafting of the statement. No contention relating to improprieties or inaccuracies in Stewart's written state-

ment are asserted as grounds for habeas corpus relief herein.

2. McCulloch's counsel asserted that Stewart's parents would not permit their daughter to talk to McCulloch or his representative prior to trial. There is no evidence that Tucker was apprised of the witness's parents' prohibition.

the light most favorable to the court's ruling. *Ibid.*

█ We consider first the federal Double Jeopardy Clause of the Fifth Amendment as made applicable to the states through the "Due Process Clause" of the Fourteenth Amendment to the United States Constitution. In 1982, the United States Supreme Court held that the misconduct that would bar retrial arises only if the prosecutor *intended* to subvert the protections afforded by the Double Jeopardy Clause. *Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982). This standard calls for the trial court to make findings of fact as to the prosecutor's subjective intentions; "the familiar process in our criminal justice system" of weighing the *objective* facts and circumstances surrounding the misconduct is the means by which the trier of fact determines the prosecutor's intent. *Ibid,* at 676, 102 S.Ct. at 2089.

█ *Kennedy* further stands for the proposition that when a criminal defendant elects to file a motion to terminate his trial and is successful, the prosecution is not barred from retrying him. *Ibid.* But because a defendant has a valuable right in having his trial completed before the first jury empaneled to try him, if the motion for mistrial results from the State's intention to "goad" him into the mistrial, a narrow exception is recognized prohibiting multiple prosecution. *Ibid.* Here, the State did not at any time seek to terminate McCulloch's murder trial nor to provoke him into moving for a mistrial. The complained-of conduct was not an affirmative act by the prosecutor that precipitated a motion for mistrial, but rather was a failure to act or perform a duty of disclosure. A similar occurrence was presented in *Zimmerman v. State,* 750 S.W.2d 194 (Tex.Cr.App.1988) where the Defendant asserted "prosecutorial overreaching" in using his extrajudicial confession when the State knew that the statement had been obtained by police brutality, although no motion for mistrial was urged; after an analysis of "the facts and circumstances presented", the court held that a retrial was not precluded absent facts and circumstances that demonstrated that the charged overreaching dem-

onstrated an intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. *Zimmerman,* 750 S.W.2d at 210, 211; *Kennedy,* 456 U.S. at 676, 102 S.Ct. at 2089.

The undisputed evidence established that Tucker did not secrete Stewart from McCulloch or his counsel. Tucker did not forbid Stewart from discussing her recollection of the occurrence with Appellant. On the contrary, during the course of the trial, the State subpoenaed Stewart to be in attendance at the courthouse rather than render her unavailable to McCulloch. Although Tucker did fail to advise McCulloch of his conversation with Stewart, for which a new trial has been ordered, and is now pending in another county, the objective facts and circumstances are supportive of the trial court's conclusions that the prosecutor did not intend to provoke a mistrial or obtain a conviction based upon unfair prejudice to McCulloch's rights. We hold that the trial court's conclusions as to the prosecutor's intent were not clearly erroneous, and McCulloch is not entitled to relief under the federal Double Jeopardy Clause or the Due Process Clause of the United States Constitution. McCulloch's first and third points of error are overruled.

█ In his second and fourth points, McCulloch asserts that Article I, Section 14 of the Texas Constitution, the Double Jeopardy Clause of the state Bill of Rights, as well as Article I, Sections 13 and 19, Texas' Due Course of Law constitutional provisions, should be accorded a more generous interpretation than the federal rule as expressed in *Kennedy.* Specifically, McCulloch urges that we construe Section 14 to focus the inquiry upon the prosecutor's intent to do an act, rather than upon his intent to cause a specific result, *i.e.,* a mistrial or appeal, as proscribed by *Kennedy.*

No Texas authority is cited for this contention. McCulloch argues that there is precedent for broader state than federal protections in other Texas Bills of Right sections. *Heitman v. State,* 815 S.W.2d 681 (Tex.Cr. App.1991); *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983). He furthermore suggests that

the courts of the states of Pennsylvania and Arizona have interpreted their Double Jeopardy provisions in a more liberal manner which Texas should now adopt. The *Kennedy* rule, however, has been approved and adopted by numerous Texas appellate courts. *Collins v. State,* 640 S.W.2d 288, 290 (Tex.Cr. App.1988); *Creekmore v. State,* 860 S.W.2d 880, 891 (Tex.App.—San Antonio 1993, pet. ref'd); *Ex parte May,* 852 S.W.2d 3, 5 (Tex. App.—Dallas 1993, pet. ref'd); *Black v. State,* 845 S.W.2d 368, 369 (Tex.App.—Houston [1st Dist.] 1992, no pet.); *Demouchete v. State,* 734 S.W.2d 144, 146 (Tex.App.—Houston [1st Dist.] 1987, no pet.); and others. From the facts and circumstances of this case, we do not discern a compelling necessity to expand the accepted Texas interpretation of the double jeopardy standard. McCulloch's second and fourth points of error pertaining to claimed violations of the Double Jeopardy and Due Course of Law provisions in the Texas Constitution are overruled.

The Order of the trial court denying McCulloch's application for writ of habeas corpus is affirmed.