NO. 07-05-0078-CR


 07-05-0079-CR

 07-05-0080-CR

 07-05-0081-CR

 07-05-0082-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 11, 2006


 ______________________________



JAVIER RODRIGUEZ CARBAJAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 16,084-B, 16,085-B, 16,086-B, 16,102-B, 16,109-B;





 HONORABLE JOHN BOARD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Following his pleas of not guilty to charges brought by five separate indictments,
consolidated for trial, appellant Javier Rodriguez Carbajal was convicted by a jury of all five
charges and assessed the indicated sentences, as follows:


 Unauthorized use of a motor vehicle - two years confinement and a
$2,000 fine;

 Unlawful possession of a firearm by a felon - seven years
confinement and a $7,000 fine;

 Aggravated kidnapping (enhanced) - ninety-nine years confinement
and a $10,000 fine;


 


 Possession of a controlled substance - two years confinement and a
$10,000 fine; and

 Burglary of a habitation (enhanced) - twenty years confinement and
a $10,000 fine.



By a single issue, appellant contends the trial court denied him his right to effective
assistance of counsel during voir dire examination. We affirm.

 At the conclusion of voir dire, before counsel made their strikes, counsel for
appellant requested to be provided with a copy of the criminal history information "pulled"
by the State on each potential juror prior to voir dire. Counsel asserted that the information
was not protected work product and would inform him of any convictions, including those
which tend to disqualify jurors. (1) In response, the court stated that it would expect the State
to notify the court and disclose any information that would disqualify a member of the panel
from serving as a juror. The State objected to appellant's request for the histories, claiming
that there was no authority requiring it to disclose such information to the defense. 
Counsel for appellant conceded he had no authority to support his position but stated he
had been provided such information in the past. The trial court ruled as follows:

 I'll deny that motion to the extent it calls for matters that would not show a
disqualification and would grant it as to matters that would show a
disqualification.


The jury subsequently convicted appellant on all counts.

 By his sole issue, appellant contends the trial court's refusal to compel the State to
disclose the results of the venire panel's criminal history check denied him the right to
effective assistance of counsel. Specifically, he argues that the ruling effectively limited
the scope of voir dire and prevented him from intelligently exercising his peremptory
challenges. 

 We initially note that counsel's request for the criminal histories at trial was
accompanied by his contention that "it is an unfair prejudice if we are not allowed to have
that information." Again, the contention on appeal is that the information would have
helped appellant to intelligently exercise his peremptory challenges, and that the trial
court's failure to order disclosure of the histories effectively limited the scope of his voir
dire. The contention on appeal does not correspond with that made at trial. That alone
would warrant our overruling appellant's issue. See Broxton v. State, 909 S.W.2d 912, 918
(Tex.Crim.App. 1995) (objection stating one legal theory may not be used to support
another legal theory on appeal).

 Addressing the merits of appellant's issue, he correctly asserts that a criminal
defendant's right to counsel protected by Article 1, Section 10 of the Texas Constitution
encompasses the right to ask proper questions on voir dire to permit the intelligent exercise
of peremptory and for cause challenges. See Taylor v. State, 109 S.W.3d 443, 452
(Tex.Crim.App. 2003) (stating rule).

 Review of a trial court's decisions during voir dire is for abuse of discretion. Howard
v. State, 941 S.W.2d 102, 108 (Tex.Crim.App. 1996). If abuse of discretion infringing the
right to question the venire is shown, we will evaluate harm to appellant under the standard
applicable to nonconstitutional error under Rule of Appellate Procedure 44.2(b). Taylor,
109 S.W.3d at 450-55. An abuse of discretion infringing the right to question the venire
in order to intelligently exercise peremptory challenges ordinarily is shown only when a
proper question about a proper area of inquiry is prohibited. Barajas v. State, 93 S.W.3d
36, 38 (Tex.Crim.App. 2002); Howard, 941 S.W.2d at 108.

 As noted, appellant's request and the court's ruling occurred at the conclusion of
voir dire. Although the trial court partially denied appellant's request, it never prohibited
appellant from questioning the venire panel regarding their criminal histories or otherwise
inhibited him from obtaining information he needed to exercise his challenges. See Taylor,
109 S.W.3d at 454. Given this fact, we are unable to see how the trial court's ruling
prevented the intelligent exercise of appellant's peremptory challenges. Appellant's issue
is overruled.


 Accordingly, the trial court's judgment is affirmed.


 James T. Campbell

 Justice






Do not publish. 
1. See Tex. Code Crim. Proc. Ann. arts. 35.16, 35.19 (Vernon 1989 and Supp. 2006)
(providing grounds for disqualification). 



aughter
in 1985, at which point I objected because it violated the Motion in Limine. 
It did not give me an opportunity to have the Court determine whether or not
- even if it was admissible, whether it was more prejudicial than it was
probative. If I understand correctly, the Court has denied my - or overruled
my objection.


 THE COURT: All right. I'm going to sustain the objection.


 MR. McKINNEY: Your Honor, the - at this time uh - I would ask the Court uh
- to instruct the jury not to consider it for any purpose, and it's my intention
to move for a mistrial, because once the skunk's in the box, I can't remove
the stink.


 THE COURT: All right, I'm granting your Motion for a Mistrial.


 MR. McKINNEY: Thank you, Your Honor.


 MR. MARTINDALE: Your Honor, when Mr. McKinney urged his Motion in
Limine yesterday morning, as I recall the Court specifically asked me if I had
any objections to it. My response to the court was, Your Honor, except for
the purposes of impeachment, I have no objection. And the Court said fine,
as I recall it. Therefore, I don't see, based on that decision from the Court,
how I was limited from going into that particular issue by his Motion in
Limine.


 THE COURT: AS long as you complied with Rule 609, which you did not. 
You told me that conviction is over ten years old, did you not? It's a 1985
conviction.


 MR. MARTINDALE: That is correct, Your Honor.


 THE COURT: All right. Jesse, bring the jury in.


 MR. McKINNEY: May she stepped [sic step] down?


 THE COURT: Yes.


 (Jury seated.)


 THE COURT: You may be seated. Ladies and gentlemen, I am going to
discharge you as jurors from the trial of this case. I am releasing you from
all the instructions that I have previously given you. If you just hand your
tags to Mr. Salazar, you're free to go. Thank you for your jury service. I
apologize if we have caused you any inconvenience. Thank you.


 (Jury released.)


 (Reporter then released exhibits to the State.)


 THE COURT: Counsel, I have a jury panel coming in at 1:30. I expect you
to be ready.


 MR. McKINNEY: Your Honor, uh -


 THE COURT: If you have other arrangements cancel them.


 MR. McKINNEY: Your Honor, uh - well, the uh - my intention is to file a writ
of habeas corpus alleging pretrial - not pretrial, but alleging prosecutorial
misconduct. I would like to go back to my office, I'll prepare it immediately,
and I would like to have a hearing on it before we do that.


 THE COURT: Be ready at 1:30, Mr. McKinney.


 MR. McKINNEY: Okay.


 (Recess.)

 


When counsel returned at 1:30, appellant presented her application for writ of habeas
corpus.

 Appellant called the State's attorney as a witness. His examination demonstrated
that Mr. Martindale is an experienced prosecutor and was aware of the trial court's order
granting the motion in limine; however, he testified that according to his recollection, the
court order did not limit use of prior offenses for impeachment purposes. After
consideration, the trial court denied the application for writ of habeas corpus on the
grounds of double jeopardy. When the State stipulated that appellant was entitled to
appeal the court's denial of the application, the court announced a final recess.

 Restating appellant's five issues, she questions whether (1) jeopardy attached
pursuant to Article 1, Section 14 of the Texas Constitution when the trial court granted a
mistrial due to the prosecutor's violation of a motion in limine, (2) the trial court properly
granted a mistrial, (3) the prosecutor intended to induce the mistrial by asking her about
a prior 1985 conviction in violation of a motion in limine, (4) the mistrial occurred as a
result of the prosecutor's conscious disregard of the risk of asking her about a 1985
conviction in violation of a motion in limine, and (5) the trial court's ruling denying her
application for a pretrial writ of habeas corpus was "clearly erroneous." We need not
consider appellant's second issue because she concedes that the trial court properly
granted her motion for mistrial and the State acknowledges that after Bauder II (1) the
propriety of the mistrial is not a consideration in resolving a double jeopardy argument. 
Accordingly, we will consider appellant's remaining issues simultaneously; but first, we set
forth the appropriate standard of review.

Standard of Review


 In reviewing trial court rulings, an appellate court must determine the amount of
deference which is appropriately given to the ruling at issue. Appellate courts either give
almost total deference to trial court rulings, or review the rulings de novo, depending on
the basis of the decision being challenged. Where, as here a reporter's record of the
hearing on the application for writ of habeas corpus is presented, almost total deference
is given to the (1) trial court's determinations of historical facts with support in the record,
(2) fact determinations involving an evaluation of credibility or demeanor, and (3) rulings
on questions involving application of law to fact (also known as mixed questions of law and
fact) if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997) (en banc). This level
of appellate deference is referred to as a review for abuse of discretion. Id. Mixed
questions of law and fact not falling within the foregoing categories may be reviewed de
novo by the appellate court. Id. De novo review does not embody the abuse of discretion
standard of review. Id. Even when conducting a de novo review, however, an appellate
court affords appropriate deference (abuse of discretion) to the trial court's findings on
subsidiary factual questions. Id.

 Generally, the denial of habeas corpus relief is within the discretion of the court
considering the habeas petition. Ex Parte Pipkin, 935 S.W.2d 213, 215 (Tex.App.--Amarillo 1996, pet. ref'd). On appeal, the ruling of such court will be upheld unless its
ruling is an abuse of discretion. State v. DeLeon, 971 S.W.2d 701, 705 (Tex.App.--Amarillo 1998, pet. ref'd). The ruling of the court considering the habeas petition will be
upheld if it is correct on any theory of law. Id. Accordingly, we will review the trial court's
order to determine if its decision is clearly erroneous. Ex Parte May, 852 S.W.2d 3, 5
(Tex.App.--Dallas 1993, pet. ref'd).

 Before Bauder II, 974 S.W.2d at 731, the granting of a defendant's motion for
mistrial did not implicate a claim of double jeopardy baring retrial, see Crawford v. State,
703 S.W.2d 655 (Tex.Cr.App. 1986), except when the prosecutor caused the defendant
to move for mistrial. Id. at 662; Ex Parte May, 852 S.W.2d at 4. After Bauder II, the
questions presented are:


 whether the defendant's motion for mistrial was a choice made in
response to ordinary reversible error in order to avoid conviction,
appeal, reversal and retrial; or, on the other hand,

 was the defendant required to move for mistrial because the
prosecutor deliberately or recklessly crossed "the line between
legitimate adversary gamesmanship and manifestly improper
methods" that rendered trial before the jury unfair to such a degree
that no judicial admonishment could have cured it?



974 S.W.2d at 732. (Emphasis added). The opinion does not define "ordinary reversible
error," however, where, as here, the trial court granted a mistrial for violation of a motion
in limine, we do not consider the error to be "ordinary reversible error, " i.e., inadvertently
admitted hearsay evidence, otherwise orders granting motions in limine would be
rendered meaningless and produce a waste of judicial resources by the granting of
mistrials. 

 Similarly, Bauder II does not provide any guidelines or instruction to assist us or the
trial court in determining when the prosecutor deliberately or recklessly crosses "the line
between legitimate adversary gamesmanship and manifestly improper methods," that
render judicial admonishment to the jury futile. Here, at the hearing on appellant's
application, the prosecutor testified that according to his recollection, when the motion in
limine was considered, the order did not prohibit use of the evidence for purposes of
impeachment. However, the record shows that the motion and the court's remarks were
off the record and the order granting the motion does not specifically address the use of
prior convictions for purposes of impeachment. Also, the record does not demonstrate
whether the prosecutor's recollection was supported by the record or whether his reference
to appellant's prior conviction was deliberate or reckless. Therefore, according almost
total deference to the trial court's ruling, we are unable to hold that the trial court abused
its discretion in denying appellant's application for writ of habeas corpus. We have not
overlooked Ex Parte Wheeler, 61 S.W.3d 766 (Tex.App.--Fort Worth 2001, pet. filed Feb.
26, 2002), relied on by appellant; however, it is not controlling because we have been
provided with a record of the hearing in the trial court when the application for writ of
habeas corpus was presented, and the same judge who heard the application presided
over appellant's trial. Issues one, three, four and five are overruled and we need not
consider issue two. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Publish. 


 

1. After its initial decision in Ex Parte Bauder, 921 S.W.2d 696 (Tex.Cr.App. 1996),
the Court had a second opportunity to consider when a mistrial implicates double jeopardy. 
Bauder v. State, 974 S.W.2d 729 (Tex.Cr.App. 1998).