**AFFIRMED and Opinion Filed August 21, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-13-00029-CR**

_____

**EX PARTE FRANK DELVIS MAY**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-2371-2012**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Evans
Opinion by Justice Myers

Frank Delvis May appeals the trial court's order denying his post-conviction application for writ of habeas corpus. In a single issue, appellant contends the trial court erred in denying his application because he showed the underlying conviction subjected him to double jeopardy. We affirm the trial court's order.

### BACKGROUND

In the 2012 hearing on appellant's post-conviction writ application, appellant introduced into evidence to serve as the factual basis for his claim the two prior opinions this Court has issued on this case. *See Ex parte May*, 852 S.W.2d 3 (Tex. App.—Dallas 1993, pet. ref'd); *May v. State*, 784 S.W.2d 494 (Tex. App.—Dallas 1990, pet. ref'd). *overruled in part by Stevenson v. State*, 920 S.W.2d 342, 344 (Tex. App.—Dallas 1996, no pet.). The first opinion, *May v. State*, recounts the basic facts of the case from appellant's first trial, held in 1988. In 1987, appellant was stopped by highway patrol officers Diggs and Peluga for failing to dim his high-beam

headlights. *See May*, 784 S.W.2d at 495. After a brief investigation, appellant was arrested for driving while intoxicated and his passenger was arrested for public intoxication. *Id*. at 495–96. Peluga administered an intoxilyzer breath test to appellant but the machine could not produce a printed result because appellant was unable to complete the test. *Id*. at 496. Appellant testified he was unable to complete the test because he suffers from asthma. *Id*. Diggs and Peluga both testified, over appellant's hearsay objection, that the intoxilyzer's instrument panel was registering a reading of .20 at the time of the incomplete test. *Id*. at 496–97. The jury convicted appellant of the offense. On appeal, this Court reversed appellant's conviction and remanded the case for a new trial on the ground the trial court erred in admitting the officers' hearsay testimony about the intoxilyzer results into evidence without a proper predicate and the error harmed appellant. *Id*. at 498.

Appellant was retried in 1990. During the second trial, Diggs and Peluga testified that appellant had told them he would plead guilty to the offense if they would let the passenger go. *See May*, 852 S.W.2d at 5. Additionally, the prosecutor elicited hearsay testimony from Peluga that the passenger told Peluga she and appellant had been on a boat on a lake and then had been drinking wine and other drinks at a club. *Id*. The passenger was not called to testify. Appellant moved for, and was granted, a mistrial on the ground the statements were inadmissible hearsay. *Id*. at 4.

In 1992, before appellant's third trial was to start, he filed a pre-trial application for writ of habeas corpus alleging the third trial would expose him to double jeopardy. *Id*. The trial court judge, who had also presided over the 1990 second trial, heard appellant's testimony professing he did not know if he was winning the second trial and the prosecutor's testimony stating she thought the State was winning. *Id*. at 5–6. The prosecutor denied trying to goad

appellant into moving for a mistrial and asserted she relied upon the trial court's rulings in presenting the evidence. *Id*. at 6.

In sifting through the evidence, this Court's opinion in *Ex parte May* notes the record shows the prosecutor, defense counsel, and the trial court discussed the issues before the evidence was presented and the prosecutor presented the evidence in accord with the trial court's rulings. *Id*. The opinion notes the trial court overruled appellant's objections at the time the evidence was presented. *Id*. The opinion recounts that the trial court believed the prosecutor's testimony that there was no intent to goad appellant into moving for a mistrial. *Id*. The Court concluded the record supported the trial court's order and it upheld the trial court's order because it was not clearly erroneous. *Id*.

In 1994, appellant entered a plea of guilty to the offense. The trial court assessed punishment at thirty days confinement and a $1,000 fine.

In 2012, appellant filed the present post-conviction application for writ of habeas corpus asserting the 1994 conviction violated his double jeopardy rights and he remains exposed to collateral consequences because the conviction may be used to enhance any additional driving while intoxicated offenses he may incur. In its response, the State asserted appellant's renewed claim of double jeopardy should be denied under the "law of the case" doctrine because the issue was decided adversely to appellant by this Court in the appeal from the denial of his 1992 pretrial writ application.

After a brief hearing, the trial court denied the application, explaining on the record:

I've read everything. While I appreciate it, the problem is I think that this has all been decided before. I don't believe the State has goaded into a—asking for a mistrial before. I think, you know, obviously mistakes were made, that is what got him the third trial, I guess, there's been three trials. But obviously I wasn't the judge back then, and I just think that I'm going to deny the application based upon my reading of the law, and my understanding of the law, and my understanding of the procedural history of the case.

–3–

In its written order, the trial court rejected the State's contention that the "law of the case" doctrine prohibited re-evaluation of the issue but concluded the State did not goad appellant into requesting a mistrial. After the trial court issued its written order, this appeal ensued.

## APPLICABLE LAW

We review the trial court's determination on an application for writ of habeas corpus under an abuse of discretion standard. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Peterson*, 117 S.W.3d at 819. We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.* This deferential review applies even if the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). An applicant seeking post-judgment habeas relief bears the burden of establishing the applicant's claim by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002).

Both the federal and state constitutions protect a defendant from being subjected to repeated attempts at prosecution for the same criminal offense. *See* U.S. CONST., amend. V; Tex. Const. art. I, §14; *Wheeler*, 203 S.W.3d at 322. A mistrial granted against the defendant's wishes ordinarily bars further prosecution of the offense unless the State can show the mistrial was declared out of manifest necessity. *Ex parte Garza*, 337 S.W.3d 903, 909 (Tex. Crim. App.

2011). If, however, it is the defendant who requests the mistrial, double jeopardy protections do not bar further prosecution unless the State's conduct was intended to goad the defendant into requesting a mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982); *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007).

## ANALYSIS

Appellant contends the facts of this case were poor for the State because neither officer saw appellant driving erratically and the intoxilyzer results were unavailable. Because of the poor prospects of the case, appellant contends the prosecutors in both trials violated the rules of evidence in an effort to provoke a mistrial. Appellant contends the prosecutor's denial of an intent to provoke a mistrial in the habeas hearing was not credible because the hearsay violation was blatant and the prosecutor made no effort to provide a predicate for admission of the hearsay. Appellant further contends the prosecutor's denials are not determinative because "[o]ne would not expect very many prosecutors to admit they had sought to subvert the system by provoking a mistrial in order to end a trial that was going badly [for] the State."

As it argued in the trial court, the State responds on appeal that the trial court properly denied appellant's writ application because the issue of whether the prosecutor attempted to goad appellant into moving for a mistrial was already decided in appellant's appeal from his 1992 writ application and falls within the "law of the case" doctrine. *See Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999) (explaining "law of the case" doctrine as a court-made doctrine designed to promote judicial efficiency by providing that an appellate court's resolution of a question of law in a previous appeal of the same case governs the disposition of the same issue when raised in a subsequent appeal subject to "exceptional circumstances" such as when an earlier decision appears to be clearly erroneous).

The trial court was not persuaded by the State's "law of the case" doctrine argument. Instead, the trial court found the prosecutor did not goad appellant into requesting a mistrial. The record before the trial court showed appellant had raised this exact issue in his 1992 pretrial writ application which was heard by the trial court judge who presided over appellant's 1990 trial. In reviewing the trial court's determination to deny relief on the 1992 writ application, this Court concluded the trial court in the 1992 pretrial writ proceeding heard testimony from the prosecutor and appellant and found the prosecutor's testimony to be credible. *See May*, 852 S.W.2d at 6. This Court reviewed the trial judge's order denying relief, concluded it was supported by the record, and it not clearly erroneous. *Id.* Appellant's 2012 post-trial writ application essentially asked the trial court to reconsider the decision that was made in 1992 by a judge who had personal knowledge of the events and the benefit of testimony from the prosecutor about her intent.

Without determining whether the "law of the case" doctrine applies in these circumstances, we conclude appellant has not shown by a preponderance of the evidence that the trial court abused its discretion in following the earlier 1992 ruling and denying relief. *See Peterson*, 117 S.W.3d at 819; *Richardson*, 70 S.W.3d at 870. We overrule appellant's sole issue.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130029F.U05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE FRANK DELVIS MAY

No. 05-13-00029-CR

On Appeal from the County Court at Law No. 3, Collin County, Texas
Trial Court Cause No. 003-2371-2012.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 21st day of August, 2013.

/Lana Myers/
LANA MYERS
JUSTICE