# NO. 12-18-00045-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 349TH* |
|  | § | *JUDICIAL DISTRICT COURT* |
| *ROBERT ANTHONY RUHL* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Robert Anthony Ruhl, filed an application for a Writ of Habeas Corpus contending that no probable cause existed to arrest him for criminal trespass or to continue to detain him. The trial court denied the application, finding that there was probable cause to arrest and detain Appellant. In one issue, Appellant challenges the sufficiency of the evidence to support a finding of probable cause for his arrest and detention. We reverse and order Appellant discharged.

## BACKGROUND

At 8:00 p.m., January 12, 2018, Officer Zackry McNew with the Palestine Police Department was dispatched to the Inwood Apartments in response to a disturbance call. The complainant said someone was trying to force their way into her apartment. When Officer McNew arrived at the Inwood Apartments, he found another officer speaking to Appellant, who the other officer had seen coming down the stairs from the complainant's apartment. Appellant admitted to the officers that he knocked on the door of complainant's apartment. Officers had no knowledge that Appellant entered the apartment. Officer McNew testified that Appellant was aware of his criminal trespass notice for complainant's apartment. The officers knocked on the complainant's apartment door. However, the complainant would not come to the door so the officers were unable to talk to her. The officers arrested Appellant for criminal trespass. After the trial court subsequently denied Appellant's habeas application, this proceeding followed.

<span style="font-variant:small-caps">**Denial of Application for Writ of Habeas Corpus**</span>

In his sole issue, Appellant maintains that the evidence is insufficient to support a finding of probable cause to support his arrest for criminal trespass.

**Standard of Review**

The trial court's order denying relief after a habeas corpus proceeding is reviewed to determine if the trial court's decision is clearly erroneous. *See **Brown v. State***, 938 S.W.2d 66, 69 (Tex. App.—Tyler 1996, pet. ref'd). The clearly erroneous standard obviously accords great deference to the trial court's findings. ***Ex parte May***, 852 S.W.2d 3, 5 (Tex. App.—Dallas 1993, writ ref'd). The appellate court views the evidence in the light most favorable to the trial court's ruling. ***Id***.

**Applicable Law**

A person commits an offense if the person enters or remains on or in property of another without effective consent and the person (1) had notice that the entry was forbidden, or (2) received notice to depart but failed to do so. Tex. Penal Code Ann. § 30.05(a) (West Supp. 2017). "Entry" means the intrusion of the entire body. ***Id***. § 30.05(b) (West Supp. 2017).

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to anyone having a person in his custody, or under his restraint, commanding him to produce such person, at a time or place named in the writ, and show why he is held in custody or under restraint." Tex. Code Crim. Proc. Ann. § 11.01 (West 2015). "Generally speaking a defendant detained pending trial may seek habeas corpus relief on the ground that he is being detained in the absence of the necessary probable cause." 41 George E. Dix and John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 22.5 (3d ed. 2011). If the defendant secures a hearing on his application for habeas corpus relief and he has been neither indicted nor afforded an examining trial, it is the state's burden at the hearing to introduce sufficient evidence to show probable cause to believe the defendant committed an offense. *See **Ex parte Wright***, 138 Tex. Crim. 350, 136 S.W.2d 212, 213 (Tex. Crim. App. 1940); *see also **Russell v. State***, 604 S.W.2d 914, 921 n.12 (Tex. Crim. App. [Panel Op.] 1980); *see also **Ex parte Robinson***, 641 S.W.2d 552, 553 (Tex. Crim. App. [Panel Op.] 1982).

> It is well established that there are different standards for sufficient probable cause that vary according to the degree of infringement of personal liberty: less is required for a temporary detention for purposes of further investigation than is required for a full custodial arrest. Likewise, probable cause for issuance of a warrant to arrest does not necessarily satisfy the standard required for continued detention to answer the charge when such detention is challenged by habeas corpus.

*Ex parte Garcia*, 547 S.W.2d 271, 274 (Tex. Crim. App. 1977). If no legal cause be shown for the imprisonment or restraint, the applicant shall be discharged. TEX. CODE CRIM. PROC. ANN. art. 11.40 (West 2015).

## Discussion

According to the record in this case, there is absolutely no evidence that Appellant entered the apartment where his entry had been forbidden. Appellant admitted only that he knocked on the apartment door. Thus, the officers had no probable cause to arrest Appellant for criminal trespass. *See* TEX. PENAL CODE ANN. § 30.05(a)-(b)(1). The State failed to discharge its burden of proving the existence of facts showing Appellant to be guilty of criminal trespass. *See Ex parte Wright*, 136 S.W.2d at 213; *see also Russell*, 604 S.W.2d at 921 n.12; *Ex parte Robinson*, 641 S.W.2d at 553. Therefore, no probable cause exists for his continued detention and Appellant must be discharged. *See Ex parte Garcia*, 547 S.W.2d at 274; *see also* TEX. CODE CRIM. PROC. ANN. art 11.40. We sustain Appellant's sole issue.

## DISPOSITION

The order of the trial court is *reversed* and the Appellant is ordered *discharged* from further confinement.

BILL BASS
Justice

Opinion delivered July 18, 2018.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 18, 2018

### NO. 12-18-00045-CV

### EX PARTE: ROBERT ANTHONY RUHL

Appeal from the 349th District Court
of Anderson County, Texas (Tr.Ct.No. DCCV18-054-349)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the trial court's order denying Appellant's application for a Writ of Habeas Corpus be reversed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the trial court's order denying Appellant's application for a Writ of Habeas Corpus, be, and the same is, hereby **reversed** and judgment is **rendered discharging Appellant from further confinement**; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*